MEMORANDUM*
Plaintiffs advertising is protected expressive activity. E.g., 44 Liquormart, Inc. v. Rhode Island, 517 U.S. 484, 508-12, 116 S.Ct. 1495, 134 L.Ed.2d 711 (1996) (plurality opinion). Selling cigarettes isn’t, because it doesn’t involve conduct with a “significant expressive element.” Arcara v. Cloud Books, Inc., 478 U.S. 697, 701-02, 706, 106 S.Ct. 3172, 92 L.Ed.2d 568 (1986); cf. Lorillard Tobacco Co. v. Reilly, 533 U.S. 525, 550, 121 S.Ct. 2404, 150 L.Ed.2d 532 (2001). It doesn’t even have “an expressive component.” Talk of the Town v. Dep’t of Fin. & Bus. Servs., 343 F.3d 1063, 1069 (9th Cir.2003).
San Francisco Ordinance 194-08 limits where cigarettes may be sold; it doesn’t prevent plaintiff from advertising. Even assuming it incidentally restricts plaintiffs advertising in a way that wouldn’t be permissible as a direct regulation of advertising, that’s not enough. “[E]very civil and criminal [regulation] imposes some conceivable burden on First Amendment protected activities.” Arcara, 478 U.S. at 706, 106 S.Ct. 3172.
Neither does the ordinance have “the inevitable effect of singling out those engaged in expressive activity.” Id. at 704, 707, 106 S.Ct. 3172. Of the three groups “singled out” by the ordinance — pharmacies, smokers and cigarette companies— only the cigarette companies are even arguably engaged in expressive activity.
And even if the ordinance did have the inevitable effect of singling out expressive activity, “a differential burden ... is insufficient by itself to raise First Amendment concerns.” Leathers v. Medlock, 499 U.S. 439, 452, 111 S.Ct. 1438, 113 L.Ed.2d 494 (1991). The burden must be “directed at, or present[ ] the danger of suppressing, particular ideas.” Id. at 453, 111 S.Ct. 1438. No such danger is present here. The censorial motive plaintiff attributes to defendants is always present when the government restricts sales of a product. That can’t be sufficient. Cf. 44 Liquormart, 517 U.S. at 508-12, 116 S.Ct. 1495; Lorillard, 533 U.S. at 550, 121 S.Ct. 2404.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.